**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo James Jefferson, Jr., | No. CV-21-00189-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Nicholas Thibault, | |
| Defendant. | |

     Pending before the Court are Defendant's Motion to Compel Plaintiff's Authorization for the Release of Medical Records (Doc. 52) and Plaintiff's Motion to Compel Defendant(s) for Discovery (Doc. 60), to which Defendant responded (Doc. 64).[1] Plaintiff did not respond to Defendant's Motion, and the time for doing so has expired. LRCiv 7.2(c). For the following reasons, the Court will grant Defendant's Motion and deny Plaintiff's Motion.

### I.    Defendant's Motion to Compel

    Defendant's Motion to Compel seeks an order requiring Plaintiff to authorize the release of his medical records, which Defendant argues are relevant to Plaintiff's excessive force claim. (Doc. 52 at 3-4.)[2] In his initial attempt, Defendant served Plaintiff with a request to authorize Benson Hospital and the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR") to release his medical records. (Doc. 52 at 2; *see*

---

[1] Other pending motions will be resolved separately.
[2] All record citation refer to the docket and page numbers generated by the Court's electronic filing system.

*also* Doc. 52-1 at 2.) Plaintiff claimed in response that his medical records were "irrelevant, vague, ambiguous," and "not proportional to the needs of this case." (Doc. 52 at 2; *see also* Doc. 29 at 1.) Later, Plaintiff produced some medical records from Benson Hospital. (Doc. 52 at 2; *see also* Doc. 30-1.) However, the records appear incomplete, seem to contain Plaintiff's personal annotations, and include erroneous records involving his criminal case in Cochise County Superior Court. (Doc. 52 at 2; *see also* Doc. 30-1.)

Next, Plaintiff filed an Objection to Authorization and Disclosure of Medical Information. (Doc. 32.) In his Objection, Plaintiff explained that he would not authorize the release of his medical records because (1) authorization of medical records is voluntary; (2) the authorization request "has no bearing on this case;" (3) hospital staff and law enforcement are working "in concert" and will use the records in their favor; (4) Plaintiff was unconscious during the procedures performed by medical staff; and (5) the "Right to Privacy Act" supports denial of Defendant's medical records request. (*Id.* at 1-2.) Defendant then filed the instant Motion to Compel. (Doc. 52.)

In his Motion to Compel, Defendant argues that Plaintiff's medical records are relevant and discoverable because Plaintiff claims Defendant used excessive force against him by injecting him with drugs against his will. (*Id.* at 3-4.) Defendant states he should be allowed to review the medical records from Benson Hospital to rebut Plaintiff's allegation and show that hospital staff, not Defendant, administered the injection. (*Id.* at 3.) Defendant seeks to review the ADCRR records to determine whether they support Plaintiff's claims of permanent injury. (*Id.*) In sum, Defendant asserts that he is not able to fully respond to Plaintiff's claims and defend himself without Plaintiff's medical records. (*Id.*)

## II.    Plaintiff's Motion to Compel

Plaintiff filed a Motion to Compel Defendant(s) for Discovery. (Doc. 60.) Plaintiff seeks an order compelling production of Defendant's "police report of when initial contact was made with Plaintiff, and the witness statement and interview prior to the initial contact with subject." (*Id.* at 1.) Plaintiff also requests records regarding

1    Defendant's authorization and training to administer intravenous injections. (*Id.*) Plaintiff

2    avers that he "will sign the 'Authorization of Release of Medical Records' under the

3    condition that defendant(s) release this pertinent discovery information as well."[3] (*Id.*)

4          In his Response (Doc. 64), Defendant argued that the Court should deny Plaintiff's

5    Motion because Plaintiff did not request permission to file as required by the Court's

6    Scheduling Order (Doc. 24). Defendant further alleges that Plaintiff did not in good faith

7    attempt to confer with Defendant prior to filing the Motion, nor did Plaintiff include a

8    certification of such efforts in his Motion. (Doc. 64 at 2-3.) Therefore, Defendant

9    contends Plaintiff's Motion should be denied because it violates Rule 37(a)(1) of the

10   Federal Rules of Civil Procedure and Rule 7.2(j) of the Local Rules of Civil Procedure,

11   which require said consultation and certification. (*Id.*)

12         Next, Defendant addresses Plaintiff's request for Defendant's police report,

13   witness statement, and interview. Defendant states that he previously "produced the

14   Arizona Department of Public Safety's incident reports, supplemental reports, and dash

15   and body camera video to [Plaintiff] that it had in its possession." (Doc. 64 at 3; *see also*

16   Doc. 64-1 at 2-3.) Defendant further explains that he provided Plaintiff with a video of a

17   witness interview conducted by a Cochise County Sheriff Deputy and all reports in his

18   possession from the Cochise County Sheriff's Office. (Doc. 64 at 3; *see also* Doc. 64-1 at

19   2-3.) Defendant alleges he has no control over additional records Plaintiff may request

20   regarding his criminal case. (Doc. 64 at 3.)

21         In response to Plaintiff's requests for records indicating Defendant's training and

22   authorization to administer injections, Defendant replies that he has no such records

23   because Defendant does not inject suspects with drugs. (*Id.* at 4.) To conclude, Defendant

24   notes that he objects to Plaintiff's attempt to engage in "extortion by litigation" by

25

26

27   [3] Plaintiff attaches to his Motion a Cochise County Superior Court Order from his
     criminal case that ordered Benson Hospital to provide to the Cochise County Sheriff's

28   Office "all medical and mental health records, department reports, treatment notes...or
     any other documents" related to Plaintiff's emergency room visit on August 5, 2020.
     (Doc. 60-1.)

1   agreeing to "horse-trade" records that Defendant does not possess in exchange for

2   Plaintiff authorizing the release of his medical records. (*Id.*)

3       **III.    Applicable Law**

4       A party "may obtain discovery regarding any nonprivileged matter that is relevant

5   to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.

6   26(b)(1). If a party "fails to produce documents or fails to respond that inspection will be

7   permitted," another party may move to compel discovery. Fed. R. Civ. P. 37(a)(3)(B). A

8   motion to compel discovery "must include a certification that the movant has in good

9   faith conferred or attempted to confer with the person or party failing to make disclosure

10  or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see*

11  *also* LRCiv 7.2(j).[4] This Court's Scheduling Order directs a party to "file a request for a

12  telephonic conference or for permission to file a written discovery motion" if the parties

13  cannot resolve a discovery dispute. (Doc. 24 at 2-3.)

14      **IV.    Analysis**

15      Plaintiff has put his medical records at issue by alleging Defendant used excessive

16  force against him by injecting him with drugs against his will. Pursuant to Federal Rule

17  of Civil Procedure 26(b)(1), Plaintiff's medical records are relevant to substantiate or

18  disprove Plaintiff's claims. It is reasonable to conclude that Plaintiff's medical records

19  address the issue of whether Defendant, or anyone else, injected Plaintiff with drugs.

20  Plaintiff's arguments against disclosure in his Objection to Authorization and Disclosure

21  of Medical Records (Doc. 32) do not provide a basis for denying the request. Rather,

22  Defendant has shown a need for the records and that he will be prejudiced absent their

23  _____

24  [4] Although Plaintiff did not raise this issue, the Court observes that Rule 37.1 of the Local
    Rules of Civil Procedure requires the moving party to set forth, separately from a
    memorandum of law, the inspection requested, response received, and the reasons why

25  said response is deficient. LRCiv 37.1. However, the Rule does not apply where "there
    has been a complete and total failure to respond to a discovery request." *Id.* Plaintiff's

26  "Objection to Authorization and Disclosure of Medical Information" expressed Plaintiff's
    complete refusal to authorize the release of his medical records, as requested by

27  Defendant. (Doc. 32.) Furthermore, the medical records Plaintiff did file are incomplete
    and contain Plaintiff's personal annotations and erroneous documents. (Doc. 30-1.)

28  Therefore, the Court in its discretion finds that Plaintiff completely and totally failed to
    respond to Defendant's discovery request, and Local Rule 37.1 does not apply here.

1   disclosure. Furthermore, Plaintiff has waived his right of privacy in his medical records
2   by filing a lawsuit that puts the records at issue. *See Mays v. Birkholz*, No. CV 22-5524-
3   SVW(PVC), 2022 WL 17886031, at *12 (C.D. Cal. Dec. 14, 2022). Because Plaintiff's
4   medical records are relevant to the parties' claims and defenses, the Court will grant
5   Defendant's Motion to Compel Authorization of Medical Records. (Doc. 52.)

6         The Court will deny Plaintiff's Motion to Compel Discovery (Doc. 60) for three
7   reasons. First, Plaintiff violated Rule 37 of the Federal Rules of Civil Procedure and Rule
8   7.2(j) of the Local Rules of Civil Procedure Plaintiff by not attempting to confer with
9   Defendant's counsel prior to filing his Motion and failing to include a certification of
10  such efforts. Second, Plaintiff failed to request leave before filing his Motion to Compel
11  Discovery (Doc. 60), as required by the Court's Scheduling Order (Doc. 24). Third,
12  Defendant's prior productions of reports and video from the Arizona Department of
13  Public Safety and Cochise County Sheriff's Office were responsive, to the best of
14  Defendant's ability, to Plaintiff's discovery requests for police reports, witness
15  statements, and interviews. Should Plaintiff desire additional records, he may move to
16  subpoena the Cochise County Sheriff's Office, Cochise County Attorney's Office, or the
17  Arizona Attorney General's Office. Any motion for issuance of a subpoena shall comply
18  with General Order 18-19, which requires self-represented litigants who wish to serve a
19  subpoena to file a written motion that (1) sets forth the name and address of the witness
20  to be subpoenaed and the custodian and general nature of any documents requested, (2)
21  states with particularity the reasons for seeking the testimony and documents, and (3)
22  includes as an attachment a copy of the proposed subpoena.

23        Accordingly,

24        **IT IS ORDERED** that Defendant's Motion to Compel Authorization for the
25  Release of Medical Records (Doc. 52) is **granted**. Within **fourteen (14) days** of the date
26  of this Order, Plaintiff shall sign the authorizations for Benson Hospital and the Arizona
27  Department of Corrections, Rehabilitation and Reentry and mail a copy directly to
28  Defendant's counsel.

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Defendant(s) for

2  Discovery (Doc. 60) is **denied**.

3    Dated this 30th day of May, 2023.

_____
Honorable Rosemary Márquez
United States District Judge