1    **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9   Ricardo James Jefferson, Jr.,                    No. CV-21-00189-TUC-RM

10                 Plaintiff,                         **ORDER**

11  v.

12  Nicholas Thibault,

13                 Defendant.

14

15        Pending before the Court is Plaintiff's Motion to Submit Witness List to

16  Defendant (Doc. 59); Plaintiff's Motion to Insert Evidence to the Court (Doc. 61), to

17  which Defendant Responded (Doc. 70);[1] Plaintiff's Objection to Defendant's Witness

18  List (Doc. 62)[2], to which Defendant responded (Doc. 68); Plaintiff's Motion to Insert

19  Exhibits (Doc. 65), to which Defendant responded (Doc. 70); Plaintiff's Motion to

20  Reconsider Court Order Requiring the Release of Medical Authorization Form(s) for

21  Plaintiff (Doc. 76); Defendant's Motion for Sanctions (Doc. 77); and Defendant's Motion

22  to Extend Deadline to File Dispositive Motion (Doc. 78).

23  **I.    Background**

24        Plaintiff, who was then confined in the Cochise County Jail, brought this pro se

25  civil rights proceeding pursuant to 42 U.S.C. § 1983. In an August 2, 2021 Order (Doc.

26  _____

27  [1] Defendant filed a single Response (Doc. 70) addressing Plaintiff's Motion to Insert
    Evidence to the Court (Doc. 61) and Plaintiff's Motion to Insert Exhibits (Doc. 65).
    [2] Plaintiff captioned this filing, "Motion of Plaintiffs Objection to Witness List (Partial)
28  by Defendant."  (Doc. 62.)  The Court will refer to this Motion as "Plaintiff's Objection
    to Defendant's Witness List."

9), the Court determined that Plaintiff's First Amended Complaint (Doc. 8) stated a false arrest claim against Defendant Williamson and an excessive force claim against Defendant Thibault. In the same Order, the Court stayed this action pending resolution of Plaintiff's related criminal case (Cochise Superior Court case CR 2020-00473).  (Doc. 9 at 12.) The Court later lifted the stay and dismissed Plaintiff's false arrest claim against Defendant Williamson after Plaintiff indicated that he had pleaded guilty to one count of criminal damage and one count of unlawful flight from a pursuing law enforcement vehicle as a driver of a motor vehicle.  (Doc. 13 at 2, 4.) In the remaining excessive force claim, Plaintiff alleges Defendant Thibault forcibly injected him with an unknown substance. (Doc. 9 at 4; *see also* Doc. 8 at 11.)

## II.     Plaintiff's Motion to Submit Witness List to Defendant (Doc. 59)

In Plaintiff's Motion to Submit Witness List to Defendant, Plaintiff presents a "list of potential witnesses for [Defendant's] review."  (Doc. 59.)  Defendant did not respond. Witness disclosures are properly directed to the opposing party, not the Court.  (*See* Doc. 24 at 2.)  The Court construes Plaintiff's filing as a disclosure of Plaintiff's witness list. The Court will deny Plaintiff's Motion to Submit Witness List to Defendant (Doc. 59) to the extent it requests any action by the Court.

## III.    Plaintiff's Motion to Insert Evidence to the Court (Doc. 61) and Motion to Insert Exhibits (Doc. 65)

In Plaintiff's Motion to Insert Evidence to the Court, Plaintiff provides miscellaneous documents that he appears to have annotated and "requests the court to move on adding this evidence into this case."  (Doc. 61.)  In Plaintiff's Motion to Insert Exhibits, Plaintiff requests that the Court "accept footage of officers involved in this case" as exhibits.  (Doc. 65 at 1.)  Plaintiff's proposed exhibits have been lodged with the Court.  (Doc. 66.)

Defendant filed a single Response addressing Plaintiff's Motion to Insert Evidence and Plaintiff's Motion to Insert Exhibits.  (Doc. 70.)  Defendant notes for the Court's reference that he has "produced to [Plaintiff] dash cam and body cam video in response

1   to Plaintiff's Requests for Production." (Doc. 70 at 1.)  Next, Defendant explains that he

2   is "uncertain why [Plaintiff] is moving the Court to accept evidence and exhibits as he

3   has cited no rule or legal authority for doing so in this matter." (*Id.*)  Defendant objects

4   to the admission of Plaintiff's proposed materials in evidence "other than for disclosure

5   purposes" and "objects to the entry or acceptance to the offered exhibits." (*Id.* at 1-2.)

6   Finally, Defendant asserts that "[a]ny pretrial filing is premature and this Court should

7   deny Jefferson's motion." (*Id.* at 2.)

8       Plaintiff does not provide context, such as legal rules or authority, to discern the

9   basis of his Motions. To the extent Plaintiff is seeking to present evidence for purposes of

10   dispositive motions or trial, his request is premature. To the extent Plaintiff's Motions

11   constitute disclosures for purposes of discovery, the Court reminds Plaintiff that he is to

12   file a Notice of Service of discovery papers with the Court rather than copies of the actual

13   disclosures.   (*See* Doc. 24 at 2 (citing LRCiv 5.2).) The Court will deny Plaintiff's

14   Motion to Insert Evidence (Doc. 61) and Motion to Insert Exhibits (Doc. 65) to the extent

15   they request any action by the Court.

16   **IV.     Plaintiff's Objection to Defendant's Witness List (Doc. 62)**

17       In Plaintiff's Objection to Defendant's Witness List, Plaintiff "objects to a portion

18   of the defense[']s witness list" that is "comprised of witnesses originally composed by

19   the plaintiff." (Doc. 62 at 1.)  Plaintiff claims that "it would be absurd for a witness to

20   give a true account of events…(as the plaintiff is appointing them to do)…and then

21   switch sides on the defensive." (*Id.*)  Additionally, Plaintiff "objects to [the] appointment

22   of medical doctors and hospital staff being appointed as witnesses for defense counsel."

23   (*Id.*)  Plaintiff claims that such witnesses would violate the "Right to Privacy Act,"

24   "HIPPA laws," and "his constitutional rights." (*Id.*)  Plaintiff requests that the Court

25   remove from Defendant's witness list any witness that is also present on Plaintiff's

26   witness list and any medical professionals "working under the state, private, or federal

27   guidelines." (*Id.* at 2.)

28       In Response, Defendant argues that the Court should deny Plaintiff's Motion and

1    overrule his Objection on two grounds.  (Doc. 68.)  First, Defendant contends that

2    because Plaintiff's Objection is essentially a discovery dispute, the Objection should be

3    overruled because Plaintiff violated the Court's Scheduling Order by failing to confer

4    with Defendant's counsel before filing the Objection and failing to request permission

5    before filing a written discovery dispute.  (*Id.* at 1-2.)  Second, Defendant argues the

6    Objection should be overruled because Plaintiff "provides no basis for his objection that a

7    defendant may not list the same witnesses as those listed on a plaintiff's witness list."

8    (*Id.* at 2.)

9           To the extent Plaintiff's Objection constitutes a discovery dispute, Plaintiff

10   violated the Court's Order directing the parties to confer and request leave of Court

11   before filing discovery motions.  (*See* Doc. 24.)  Plaintiff shall refer to the Scheduling

12   Order (Doc. 24) and Local Rule of Civil Procedure 7.2(j) for procedures regarding

13   discovery disputes.  Additionally, the Court finds independent grounds to deny Plaintiff's

14   Motion and overrule the Objection because Plaintiff provides no legal basis for his

15   assertion that Defendant should be precluded from listing the same witnesses as Plaintiff.

16   Finally, Plaintiff's argument that permitting medical professionals to serve as witnesses

17   would violate his privacy rights is unpersuasive.  Plaintiff has waived his right to medical

18   privacy by filing a lawsuit that puts his medical treatment at issue.  *See Mays v. Birkholz*,

19   No. CV 22-5524- SVW(PVC), 2022 WL 17886031, at *12 (C.D. Cal. Dec. 14, 2022) ("it

20   is widely acknowledged that a prisoner waives his right to medical privacy by filing a

21   lawsuit that puts his medical condition at issue").  Plaintiff's Objection to Defendant's

22   Witness List (Doc. 62) will be denied.

23   **V.    Plaintiff's Motion to Reconsider Court Order Requiring the Release of**

24          **Medical Authorization Form(s) for Plaintiff (Doc. 76)**

25          In Plaintiff's Motion to Reconsider Court Order Requiring the Release of Medical

26   Authorization Form(s) for Plaintiff ("Motion for Reconsideration") (Doc. 76), Plaintiff

27   asks the Court to reconsider its May 30, 2023 Order (Doc. 75) granting Defendant's

28   Motion to Compel (Doc. 52) the release of Plaintiff's medical records.  The Court

1    considered the following circumstances in its May 30, 2023 Order.

2         Defendant initially served Plaintiff with a request to authorize Benson Hospital

3    and the Arizona Department of Corrections, Rehabilitation, and Reentry to release his

4    medical records.  (Doc. 52 at 2; *see also* Doc. 52-1 at 2.)  In response to Defendant's

5    initial request, Plaintiff claimed his medical records were "irrelevant, vague, ambiguous,"

6    and "not proportional to the needs of this case." (Doc. 52 at 2; *see also* Doc. 29 at 1.)

7    Thereafter, Plaintiff produced incomplete records from Benson Hospital with Plaintiff's

8    personal annotations and erroneous documents.  (Doc. 52 at 2; *see also* Doc. 30-1.)

9    Then, Plaintiff filed an Objection to Authorization and Disclosure of Medical

10   Information, in which he asserted that he would not authorize the release of his medical

11   records.  (Doc. 32.)  Defendant subsequently filed a Motion to Compel, in which he

12   argued that he should be permitted access to Plaintiff's medical records to rebut

13   Plaintiff's claims that Defendant injected him with a drug and to determine whether

14   Plaintiff's claims of permanent injury are documented.  (Doc. 52.)

15        The Court granted Defendant's Motion to Compel, reasoning that Plaintiff "put his

16   medical records at issue by alleging Defendant used excessive force against him by

17   injecting him with drugs against his will." (Doc. 75 at 4.)  Further, the Court concluded

18   that Plaintiff had waived his right to privacy in his medical records by filing a lawsuit that

19   put the records at issue.  (*Id.* at 5 (citing *Mays v. Birkholz*, No. CV 22-5524-SVW(PVC),

20   2022 WL 17886031, at *12 (C.D. Cal. Dec. 14, 2022).)

21        In Plaintiff's Motion for Reconsideration, Plaintiff again attempts to argue that his

22   medical records are irrelevant to this case.  (Doc. 76.)  Plaintiff begins by asking the

23   Court to consider "the events that occurred in this criminal case." (*Id.* at 1.)  Plaintiff

24   then explains that "this violation occurred at the scene of the arrest," and he appears to

25   indicate that the timeframe between his arrest and arrival at the hospital is significant.

26   (*Id.* at 1-2).  Plaintiff alleges that at the scene of the arrest, he was "rendered unconscious

27   by unknown drugs and placed in the back of [a] police cruiser and became unaware of

28   anything that occurred between both locations." (*Id.* at 2.)  Plaintiff further alleges that

1   dashcam video outside of the hospital shows a "doctor and nurse indicating that

2   administering injections of drugs outside of [the] hospital was against policy," but

3   "Defendant(s)" directed them to "administer them anyway." (*Id.*)   Plaintiff claims that

4   hospital staff, "acting in concert" with "officers," then "carried out the act of further

5   injecting [Plaintiff] with more drugs of an unknown substance." (*Id.*)   Based on these

6   circumstances, Plaintiff argues that his "medical records have no bearing on this case."

7   (*Id.* at 2).

8           "The Court will ordinarily deny a motion for reconsideration of an Order absent a

9   showing of manifest error or a showing of new facts or legal authority that could not have

10  been brought to its attention earlier with reasonable diligence."   LRCiv 7.2(g)(1).

11  Motions for reconsideration should be granted only in rare circumstances. *Defenders of*

12  *Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

13          Plaintiff has not shown that the Court manifestly erred by granting Defendant's

14  Motion to Compel, nor does he present new facts or legal authority that could not have

15  been brought to the Court's attention earlier.   Furthermore, nothing in Plaintiff's Motion

16  for Reconsideration undermines the Court's conclusion that Plaintiff's medical records

17  are relevant and discoverable because he has put them at issue by claiming Defendant

18  forcibly injected him with drugs.   Accordingly, Plaintiff's Motion to Reconsider Court

19  Order Requiring the Release of Medical Authorization Form(s) for Plaintiff (Doc. 76)

20  will be denied.   Within 14 days of the date of this Order, Plaintiff shall sign the

21  authorizations for Benson Hospital and the Arizona Department of Corrections,

22  Rehabilitation and Reentry and mail a copy directly to Defendant's counsel.   The Court

23  will not entertain any further motions for reconsideration of this issue.

24  **VI.   Defendant's Motion for Sanctions (Doc. 77)**

25          In Defendant's Motion for Sanctions, Defendant requests that the Court dismiss

26  this action pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) on the grounds

27  that Plaintiff "disobeyed the Court's discovery order and willfully obstructed these

28  proceedings." (Doc 77 at 1-2.)   Defendant states that "[r]ather than comply with the

1    Court's order and to further delay the proceedings, [Plaintiff] filed a Motion for

2    Reconsideration." (*Id.* at 2.)  Defendant further states that "Plaintiff has withheld

3    exculpatory evidence, delayed the proceedings, and prevented Defendant Thibault from

4    defending himself of Plaintiff's spurious allegations." (*Id.*)

5          Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party "fails to obey

6    an order to provide or permit discovery," the Court may issue further just orders,

7    including:

8          (i) directing that the matters embraced in the order or other designated facts
           be taken as established for purposes of the action, as the prevailing party
9          claims;
           (ii) prohibiting the disobedient party from supporting or opposing
10         designated claims or defenses, or from introducing designated matters in
           evidence;
11         (iii) striking pleadings in whole or in part;
           (iv) staying further proceedings until the order is obeyed;
12         (v) dismissing the action or proceeding in whole or in part;
           (vi) rendering a default judgment against the disobedient party; or
13         (vii) treating as contempt of court the failure to obey any order except an
           order to submit to a physical or mental examination.
14

15   Fed. R. Civ. P. 37(b)(2)(A).  "The district court abuses its discretion if it imposes a

16   sanction of dismissal without first considering the impact of the sanction and the

17   adequacy of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liab.*

18   *Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).  The following factors indicate whether a

19   district court explored less drastic sanctions: "(1) Did the court explicitly discuss the

20   feasibility of less drastic sanctions and explain why alternative sanctions would be

21   inadequate? (2) Did the court implement alternative methods of sanctioning or curing the

22   malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the

23   possibility of dismissal before actually ordering dismissal?" *Id.* at 1228–29.

24         Because the Court has not yet explicitly discussed or implemented less drastic

25   alternatives as a sanction, the Court will deny Defendant's request to dismiss the action at

26   this time, without prejudice to refiling.  Plaintiff is warned that this case may be

27   dismissed if he fails to sign the authorizations for Benson Hospital and the Arizona

28   Department of Corrections, Rehabilitation and Reentry and mail a copy directly to

- 7 -

1    Defendant's counsel within 14 days of the date of this Order.

2    **VII.    Defendant's Motion to Extend Deadline to File Dispositive Motion (Doc. 78)**

3         Defendant requests that the dispositive motion deadline be moved to 60 days after

4    the Court has ruled on the parties' pending Motions, so that Defendant will have time to

5    subpoena and obtain Plaintiff's medical records and prepare his motion for summary

6    judgment and supporting statement of facts.  (Doc. 78.)  Good cause appearing, the Court

7    will grant Defendant's Motion to Extend Deadline to File Dispositive Motion.

8         **IT IS ORDERED:**

9         (1)    Plaintiff's Motion to Submit Witness List to Defendants (Doc. 59) is

10   **denied** to the extent it requests any action by the Court.

11        (2)    Plaintiff's Motion to Insert Evidence to the Court (Doc. 61) is **denied** to the

12   extent it requests any action by the Court.

13        (3)    Plaintiff's Objection to Defendant's Witness List (Doc. 62) is **denied**.

14        (4)    Plaintiff's Motion to Insert Exhibits (Doc. 65) is **denied** to the extent it

15   requests any action by the Court.

16        (5)    Plaintiff's Motion to Reconsider Court Order Requiring the Release of

17   Medical Authorization Form(s) for Plaintiff (Doc. 76) is **denied**.  Within **fourteen (14)**

18   **days** of the date of this Order, Plaintiff shall sign the authorizations for Benson Hospital

19   and the Arizona Department of Corrections, Rehabilitation and Reentry and mail a copy

20   directly to Defendant's counsel.

21        *(6)    Plaintiff is warned that this case may be dismissed if he fails to sign the*

22   *authorizations for Benson Hospital and the Arizona Department of Corrections,*

23   *Rehabilitation and Reentry and mail a copy directly to Defendant's counsel within*

24   *fourteen (14) days of the date of this Order.*

25        (7)    Defendant's Motion for Sanctions (Doc. 77) is **denied without prejudice**.

26   . . . .

27   . . . .

28   . . . .

- 8 -

1     (8)     Defendant's Motion to Extend Deadline to File Dispositive Motion (Doc.

2  78) is **granted**.  The parties shall have **sixty (60) days** from the date of this Order to file

3  dispositive motions.

4          Dated this 29th day of August, 2023.

5

6

7

8  _____

   Honorable Rosemary Márquez
9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28